```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ACTION OILFIELD SERVICES, INC.              CIVIL ACTION

VERSUS                                      NO: 13-4866

MANTLE OIL & GAS, L.L.C.                    SECTION: J
```

### ORDER AND REASONS

Before the Court is Defendant's *Motion for Attorneys' Fees* **(Rec. Doc. 31)**. Plaintiff has filed no opposition to the motion. Having considered the motion, the submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motions for attorneys' fees should be **GRANTED.**

### PROCEDURAL AND FACTUAL BACKGROUND

On May 24, 2013, Plaintiff filed suit against Defendant in the 23rd Judicial District Court in Assumption Parish, Louisiana for $319,559.58 allegedly due on an open account. Defendant removed the action to federal court based on diversity jurisdiction on June 20, 2013. On January 10, 2014, Defendant served discovery requests on Plaintiff, and Plaintiff failed to respond within the required thirty (30) days. On February 21, 2014, Magistrate Judge Shushan issued an order requiring Plaintiff to provide discovery responses by February 28, 2014, but Plaintiff failed to do so. On March 25, 2014, Magistrate Judge Shushan issued another order requiring Plaintiff to provide discovery responses by March 31, 2014, and on

1

March 27, 2014, the undersigned also ordered that Plaintiff provide discovery responses by March 31, 2014, in compliance with Magistrate Judge Shushan's order, or else Plaintiff's action would be dismissed with prejudice. Plaintiff failed to provide complete discovery responses by the March 31, 2014 deadline. On April 1, 2014, Defendant moved to dismiss Plaintiff's claims and to recover from Plaintiff itself the reasonable expenses and attorneys' fees that Defendant incurred as a result of Plaintiff's refusal to participate in discovery pursuant to Federal Rule of Civil Procedure 37(b)(2)©. The Court granted the motion, dismissing Plaintiff's claims with prejudice and instructing Defendant to submit a properly supported motion for reasonable expenses and attorneys' fees. Defendant then filed the instant motion along with the affidavit of M. Taylor Darden, one of Defendant's attorneys, and a billing transaction list.

### LEGAL STANDARD

In the event of a party's failure to comply with a Court order with respect to discovery, Federal Rule of Civil Procedure 37(b)(2)© states:

> [T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially

2

>justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)©.

The Fifth Circuit uses a two-step analysis to calculate fee awards. *Hernandez v. U.S. Customs & Border Prot. Agency*, No. 10-4602, 2012 WL 398328, at *13 (E.D. La. Feb. 7, 2012) (Barbier, J.). First, the Court must calculate the "lodestar," which is accomplished "by multiplying the number of hours reasonably expended in the case by the prevailing hourly rate for legal services in the district." *Id.* (internal citations omitted). Next, "the second step allows the Court to make downward adjustments, or in rare cases, upward adjustments, based upon consideration of the twelve *Johnson* factors." *Id.* The twelve *Johnson* factors are the following:

>(1) the time and labor required
>(2) the novelty and difficulty of the questions
>(3) the skill requisite to perform the legal service properly
>(4) the preclusion of other employment by the attorney due to acceptance of the case
>(5) the customary fee
>(6) whether the fee is fixed or contingent

>   (7) time limitations imposed by the client or the circumstances
>
>   (8) the amount involved and the results obtained
>
>   (9) the experience, reputation, and ability of the attorneys
>
>   (10) the "undesirability" of the case
>
>   (11) the nature and length of the professional relationship with the client
>
>   (12) awards in similar cases

*Johnson v. Ga. Highway Exp. Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

In determining the number of hours billed for purposes of calculating the lodestar, the Court must "determine whether the requested hours expended by Plaintiffs' counsel were reasonable in light of the facts of the case and the work performed. The burden of proving the reasonableness of the hours expended is on the fee applicant." *Hernandez*, 2012 WL 398328, at *13 (internal citations omitted). The Court must also determine whether the records show "that Plaintiffs' counsel exercised billing judgment" and "should exclude all time billed for work that is excessive, duplicate, or inadequately documented." *Id.* at *14 (internal citations omitted).

In determining the hourly rates for purposes of calculating

the lodestar, the Court must determine a reasonable rate for each attorney "at the prevailing market rates in the relevant community for similar services by attorneys ore reasonably comparable skills, experience, and reputation." *Id.* (internal citations omitted). The burden is on the fee applicant to submit "satisfactory evidence that the requested rate is aligned with prevailing market rates." *Id.* (internal citations omitted).

Once the Court calculates the lodestar,

> There is a strong presumption that this figure is reasonable. ... Nonetheless, the Court must still consider the twelve *Johnson* factors ... . Though the Court need not be "meticulously detailed" in its analysis, it must nonetheless articulate and clearly apply the twelve factors to determine how each affects the lodestar amount. The Court should give special consideration to the time and labor involved, the customary fee, the amount involved and the results obtained, and the experience, reputation, and ability of counsel. ... However, to the extent that a factor has been previously considered in the calculation of the benchmark lodestar amount, a court should not make further adjustments on that basis.

*Id.* at *16 (internal citations omitted).

This Court recently analyzed awards of attorneys' fees in the Eastern District of Louisiana:

> *See, e.g. Smith v. Sprint/United Mgmt. Co.,* 2011 [WL] 6371481 (E.D. La. Dec. 20, 2011) (awarding $290.00/hour for a partner with 16 years experience and $240/hour for an associate with 8 years of experience); *Construction South, Inc. v. Jenkins,* 2011 WL 3892225 (E.D. La. Sept.2, 2011) (awarding $350/hour for two partners with 36 and 30 years of experience; $200/hour for an associate with four years of experience; and $180/hour for an associate with two years of experience); *Atel Mar. Investors, LP v. Sea Mar Mgmt., LLC,* 2011 WL 2550505 (E.D. La. June 27, 2011) (awarding $250 for partner with 35 years of experience; $250 for a partner with 11 years of experience; and $175 for an associate with 2 years of experience); *Entergy La., L.L.C. v. The Wackenhut Corp.,* 2010 WL 4812921 (E.D. La. Nov.17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.,* 2010 WL 3943543 (E.D. La. Oct.4, 2010) (awarding $250.00/hour and $160.00/hour to attorneys with 25 and four years experience respectively); *Hebert v. Rodriguez,* 2010 WL 2360718 (E.D. La. June 8, 2010) (awarding $300.00/hour to

partner with 33 years of experience); *Gulf Coast Facilities Mgmt., L.L.C. v. BG LNG Servs., L.L.C.,* 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years experience respectively); *Belfor USA Group, Inc. v. Bellemeade Partners, L.L.C.,* 2010 WL 6300009 (E.D. La. Feb. 19, 2010) (awarding $250.00/hour, $210.00/hour, and $180.00/hour to attorneys with 20, 10, and 4 years of legal experience, respectively); *Marks v. Standard Fire Ins. Co.,* 2010 WL 487403 (E.D. La. Feb. 3, 2010) (awarding $185.00/hour to attorney with seven years of experience).

*Hernandez*, 2012 WL 398328, at *15.

## DISCUSSION

The Court finds that Plaintiff's failure to comply with this Court's discovery orders was not substantially justified, and an award of expenses is not unjust in this case. Therefore, the Court will award Defendant reasonable expenses, including attorneys' fees, to be paid by Plaintiff itself, not by Plaintiff's counsel.

Defendant seeks attorneys' fees for the services of the New Orleans law firm Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, L.L.C., specifically for hours billed between January 7,

2014 and March 31, 2014 as a result of Plaintiff's refusal to participate in discovery and comply with the Court's orders.[1] Defendant seeks attorneys' fees for the services of following parties: M. Taylor Darden, Matthew J. Fantaci, Seth E. Bagwell, and paralegals at the firm. Defendant also seeks to recover expenses, as discussed below.

### A. Attorneys' Fees for M. Taylor Darden

M. Taylor Darden ("Mr. Darden") is a named partner at the law firm and has been practicing law for approximately thirty-seven (37) years. He is an experienced litigator, particularly in the areas of oil and gas and property rights litigation. Defendant requests that the Court approve an hourly rate of $395 for Mr. Darden. However, the Court finds that under *Jenkins*, an hourly rate of $350 is more reasonable. Mr. Darden expended 2.70 hours between January 7, 2014 and March 31, 2014, and he appears to have exercised billing judgment by refraining from billing for an office conference with Mr. Fantaci regarding the status of Plaintiff's discovery responses on March 31, 2014. Therefore, the Court finds that the hours Mr. Darden expended are reasonable. The lodestar for

---

[1] Defendant's counsel has submitted a billing sheet that details each billing transaction in this matter ranging from June 5, 2013 to March 31, 2014, and Defendant states that Plaintiff's refusal to participate in discovery began when Defendant prepared and served its discovery requests on Plaintiff in January 2014. The first billing entry in the year 2014 is on January 7, 2014. Therefore, the relevant time period for purposes of this motion begins on January 7, 2014. Defendant estimates that it has incurred an additional $1,500 in this litigation between March 31, 2014 and the date of the filing of this motion. However, Defendant has submitted no billing records for that time period, and the Court declines to award attorneys' fees based on an estimation.

Mr. Darden is therefore equal to 2.70 hours at a rate of $350 per hour, or $945.

### B. Attorneys' Fees for Matthew J. Fantaci

Matthew J. Fantaci ("Mr. Fantaci") is a partner at the law firm and has been practicing law for approximately twelve (12) years. He practices in the areas of oil and gas and commercial litigation. Defendant requests that the Court approve an hourly rate of $245 for Mr. Fantaci. However, the Court finds that under *Belfor*, an hourly rate of $220 is more reasonable. Mr. Fantaci expended 32.90 hours between January 7, 2014 and March 31, 2014, and although Mr. Fantaci does not appear to have reduced his hours, his time appears to be adequately documented and does not seem to be excessive or duplicative. Therefore, the Court finds that the hours Mr. Fantaci expended are reasonable. The lodestar for Mr. Fantaci is therefore equal to 32.90 hours at a rate of $220 per hour, or $7,238.

### C. Attorneys' Fees for Seth E. Bagwell

Seth E. Bagwell ("Mr. Bagwell") is an associate at the law firm and has been practicing law for approximately three (3) years. He practices in the area of general commercial litigation. Defendant requests that the Court approve an hourly rate of $155 for Mr. Bagwell, and the Court finds that this hourly rate is reasonable. Mr. Bagwell expended 49.90 hours between January 7, 2014 and March 31, 2014, and although Mr. Bagwell does not appear

to have reduced his hours, his time appears to be adequately documented and does not seem to be excessive or duplicative. Therefore, the Court finds that the hours Mr. Bagwell expended are reasonable. The lodestar for Mr. Bagwell is therefore equal to 49.90 hours at a rate of $155 per hour, or $7,734.50.

### D. *Johnson* Factors

As discussed above, these lodestar figures are presumptively reasonable, but the Court must nevertheless consider the twelve *Johnson* factors to determine whether they warrant a downward adjustment or, in rare cases, an upward adjustment.

### 1. Time and Labor Required

The Court finds that Plaintiff's consistent failure to produce the requested discovery increased the time and labor required to resolve this matter. However, the Court finds that this factor merely confirms the reasonableness of the lodestar amounts and does not warrant an upward adjustment.

### 2. Novelty and Difficulty of the Questions

The legal issues presented in this case between January 7, 2014 and March 31, 2014 have pertained to discovery issues, which are not particularly novel or difficult.

### 3. Skill Requisite to Perform the Legal Service Properly

The skill of each attorney is already accounted for in the lodestar calculations.

#### 4. Preclusion of Other Employment

Defendant has not claimed that the attorneys were precluded from taking other employment by virtue of the time and resources required to be expended in this case.

#### 5. Customary Fee

The customary fees charged by each attorney are already accounted for in the lodestar calculations.

#### 6. Fixed or Contingent Fee

This is a fixed fee case, and the Court finds that this factor does not warrant a downward or upward adjustment from the lodestar amounts.

#### 7. Time Limitations Imposed by Client or Circumstances

Defendant has not claimed that there were any particular time limitations or constraints imposed on its counsel in this matter.

#### 8. Amount Involved and Results Obtained

The result that Defendant's counsel obtained in this matter was dismissal of Plaintiff's claims based on its failure to file witness and exhibits lists, to comply with Defendant's discovery requests, and to comply with multiple orders of this Court. Defendant has not sought or obtained any affirmative relief in this matter. The Court finds that this factor does not warrant a downward or upward adjustment from the lodestar amounts.

#### 9. Experience, Reputation, and Ability of Attorneys

The experience, reputation, and ability of each attorney is

11

already accounted for in the lodestar calculations.

### 10. Undesirability of the Case

Defendant has not claimed that this case was in any way undesirable to its counsel.

### 11. Nature and Length of Professional Relationship with Client

Defendant has not claimed that its counsel discounted their fees because Defendant is a longstanding client and has not indicated any other respect in which this factor might warrant an upward or downward adjustment from the lodestar amounts.

### 12. Awards in Similar Cases

The Court already considered recent awards of attorneys' fees in this district and took those awards into account when determining the reasonable hourly rate for purposes of calculating the lodestar amounts.

Because it appears that none of the *Johnson* factors warrants an upward or downward adjustment from the lodestar amounts, the Court finds that the lodestar amount calculated for each attorney is the correct award in this case. Therefore, the total attorneys' fee award, including $945 for Mr. Darden's services, $7,238 for Mr. Fantaci's services, and $7,734.50 for Mr. Bagwell's services, is $15,917.50.

### E. Expenses

Defendant seeks a total of $1,271.35 in expenses for online record searches and e-filing with the Texas Secretary of State,

photocopy and fax charges, online research using Pacer and LexisNexis, and hours billed by paralegals. The Court will award expenses for photocopies and faxes, as well as online record searches with the Texas Secretary of State, at a total of $10.50.

With respect to the online research, the Supreme Court of the United States has held that, at least in the context of expenses awarded to a prevailing party pursuant to Federal Rule of Civil Procedure 54(d), courts may only award costs that are specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). That statute does not enumerate electronic research costs, such as Lexis and Westlaw fees. *See* 28 U.S.C.A. § 1920 (West 2008). However, an award of expenses pursuant to Federal Rule of Civil Procedure 37(b)(2)© is a type of sanction and therefore differs from such an award pursuant to Rule 54. This Court has recently awarded expenses for Westlaw legal research in the context of a Rule 37 sanction. *See Atel Mar. Investors, LP v. Sea Mar Mgmt., LLC*, 2011 WL 2550505, at *4 (E.D. La. June 27, 2011) (Roby, J.). Therefore, the Court will award Defendant expenses for its LexisNexis and Pacer research at a total of $1,095.75.

With respect to the hours billed by paralegals, Defendant requests that the Court award expenses for 2.40 hours expended, at a rate of $65 per hour, by a paralegal billing under code number 59, for a total of $156.00. Paralegal expenses are recoverable

"only to the extent that the paralegal performs work traditionally done by an attorney. Otherwise, paralegal expenses are separately unrecoverable overhead expenses." *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). Here, each entry under code number 59 involves strictly the secretarial task of reviewing the Court's deadlines and calendaring for the attorneys. Therefore, the Court declines to award $156.00 for the work of this paralegal.

Additionally, Defendant requests that the Court award expenses for 0.1 hours expended, at a rate of $105 per hour, by a paralegal under code number 65 for an office conference with Mr. Bagwell regarding the pretrial conference, for a total of $10.50. This Court has recently found reasonable in the Eastern District of Louisiana an hourly billing rate for paralegal work ranging from $115 to $120. *Akins v. Worley Catastrophe Response, L.L.C.*, No. 12-2041, 2014 WL 1456382, at *6 (E.D. La. Apr. 14, 2014) (Wilkinson, J.). Therefore, the Court finds it reasonable to award Defendant $10.50 for the work of this paralegal.

Adding together the expense awards for photocopies and faxes, online record searches with the Texas Secretary of State, online research using Pacer and LexisNexis, and the hours billed by the paralegal under code number 65, the total expense award is $1,116.75.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Attorneys' Fees* **(Rec. Doc. 31)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff, Action Oilfield Services, Inc,. shall pay to Defendant, Mantle Oil & Gas, L.L.C., an amount of $17,034.25, which includes $15,917.50 in attorneys' fees and $1,116.75 in expenses.

New Orleans, Louisiana this 2nd day of June, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE